SUMMERS, Justice
(dissenting).
This application for certiorari sought review of a unanimous decision of the Court of Appeal affirming a judgment of the trial court which denied plaintiff’s claim for total and permanent disability workmen’s compensation benefits. The application was filed on August 2, 1976.
The sole basis for plaintiff’s application was the claim that the trial judge and the Court of Appeal committed error in not affording him the legal presumption that his condition resulted from the compensable accident.
Then, on October 5, 1976, plaintiff filed a notice that he desired a delay in the deci *1155 sion on his application for certiorari and review “so that his doctor may examine him and render a report detailing the changes of his medical condition” in order to support a motion to remand the case to the district court “due to recent developments in his medical condition.”
A motion to remand filed three days later contained a copy of a medical report dated October 5, 1976 which was alleged to “constitute new evidence” not heard by the district court concerning an injury which occurred on September 24,1973. The medical report contains findings which were mainly cumulative of the findings of plaintiff’s medical expert at the trial.
Considering the studied attention given to this claim by the Court of Appeal and the trial judge, as will appear from the opinion of the Court of Appeal, 333 So.2d 427, I cannot subscribe to this Court’s order setting aside those judgments, without the benefit of the record upon which they are based, and remanding this case to the trial court to receive further evidence relating to this claim for disability.
The authority relied upon, Crimen v. Fidelity & Casualty Co. of New York, 249 La. 1071, 193 So.2d 249 (1966), does not support this unprecedented action. There this Court had before it the entire record; writs had been granted and the record was ordered up on certiorari. Arguments were heard and briefs of the parties were received. Reversal of the Court of Appeal judgment and remand to the district court were therefore procedurally proper after this full hearing.
Here, however, the Court sets aside the judgments of the district court and the Court of Appeal in a chamber proceeding, without the record and without a hearing in open court. Our law was never intended to deprive a litigant of a favorable judgment in this fashion. While such action may be condoned under special circumstances when interlocutory rulings are involved, I cannot agree that it is appropriate in the case of judgments affirmed by the Courts of Appeal after a full trial in the district court.
Too many safeguards designed to assure due process and sound adjudication are being discarded by this Court.
I dissent.